Supreme Court—Ocean Grove Camp Meeting Asso. v. Neptune.

PER CURIAM.

This is a. rule to show..cause why a writ of *mandamus* should not issue commanding William T. Kaltenbach, build-. ing inspector of the city of Elizabeth,. to issue to the relator a permit to..erect a two and a half story brick building for a drug store and dwelling upon his lot on the northwest corner of Elmora and Jersey avenue, and known as No. 130 Elmora avenue, in the city of Elizabeth, New Jersey.

. Our examination of the record presented, and a careful consideration of the arguments of counsel, leads us to the conclusion that the present case is controlled by the decisions of the Supreme Court in *Union County Development Co.* v. *Kaltenbach*, 3. *N. J. Mis. R.* 341, *and Falco* v. *Kaltenbach*, *3 Id.* 333.

As all the facts are before us, a peremptory writ will be awarded, with privilege of applying for an order molding the pleadings if an appeal is desired.

---

OCEAN GROVE CAMP. MEETING ASSOCIATION OF THE METHODIST EPISCOPAL CHURCH, PROSECUTOR, v. THE BOARD OF EDUCATION OF THE TOWNSHIP OF NEPTUNE, RESPONDENT.

Argued May 5, 1925—Decided June 3, 1925.

Eminent Domain—Condemnation. of Lands Belonging to Ocean Grove Camp Meeting Association—Writ Denied For Reasons Expressed by Justice Lloyd in 3 N. J. Mis. R. 349.

On application for a writ of *certiorari*.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *McCarter & English* and *Augustus C. Studer, Jr.*

For the respondent, *Geran & Mallack.*

PER CURIAM.

This is an application for a writ of *certiorari* to review condemnation proceedings taken by the board of education of the township of Neptune to acquire certain lands of the Ocean Grove Camp Meeting Association of the Methodist Episcopal Church, the application being based upon the same affidavits, and one additional affidavit, used on an application before Mr. Justice Lloyd, sitting as a single justice.

Our examination of the affidavits, and a careful consideration of the arguments of counsel, leads us to the conclusion that the application must be denied, for the reasons stated in the opinion of Mr. Justice Lloyd, whose opinion is reported in 3 *N. J. Mis. R.* 349, and the application is, accordingly, denied.